IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRED DOUGLAS HALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CA-816-XR |
| | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this day, the Court considered Magistrate Judge Henry J. Bemporad's report and recommendation (docket no. 6), in which he recommends that Plaintiff's motion to proceed *in forma pauperis* (IFP) on his 42 U.S.C. § 1983 civil rights complaint (docket no. 1) and motion to appoint counsel (docket no. 2) be denied.  The Magistrate Judge's report also recommends dismissal of the case as barred by the applicable statute of limitations.  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation, DENIES Plaintiff's motions, and DISMISSES the case.

**BACKGROUND**

On July 25, 2010, Plaintiff was allegedly arrested for driving while intoxicated (DWI). Docket No. 1-1.  Over three years later, on September 9, 2013, Plaintiff filed his original complaint against the San Antonio Police Department, alleging that he was wrongfully arrested. Plaintiff requested permission to proceed *in forma pauperis* (IFP) and for the appointment of counsel.  The Court referred the case to Magistrate Judge Henry J. Bemporad, who, on September 17, 2013, ordered Plaintiff to show cause why his case should not be dismissed as barred by the applicable statute of limitations. Docket No. 3.  Plaintiff responded by filing a

proposed amended complaint, in which he asserts, (1) that he was misidentified at the time of his arrest, and that he did not learn this fact until later; (2) that he received ineffective assistance of counsel, which delayed him from filing his suit; and (3) that in January 2012, he was acquitted of the charge of DWI. Docket No. 4.  The Magistrate Judge considered Plaintiff's amended complaint and concluded that the supplemental facts did not save Plaintiff's claim from a limitations bar.  Accordingly, on October 16, 2013, the Magistrate Judge recommended that Plaintiff's motions be denied and his lawsuit dismissed. Docket No. 6.  On October 23, 2013, Plaintiff filed objections to the Magistrate Judge's report and recommendation, objecting generally that dismissal would be unfair, and objecting specifically to the Magistrate Judge's conclusion that Plaintiff's three explanations for late-filing are insufficient to defeat the statute of limitations bar.

## STANDARD OF REVIEW

Any party who desires to object to a Magistrate Judge's report and recommendation must serve and file his written objections within fourteen days after being served with a copy of the report. FED. R. CIV. P. 72(b).  When a party objects to a Magistrate Judge's report, the Court must make a *de novo* determination of those portions of the report to which objections are made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In such cases, the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

## ANALYSIS

In any case in which a Plaintiff wishes to proceed IFP, a court is required to dismiss the case if it determines that the case is frivolous, malicious, or "that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Here, the Magistrate Judge construed Plaintiff's allegations as asserting a claim for wrongful arrest under 42 U.S.C. § 1983.  Neither party objected to this construction, and, therefore, the Court accepts it as neither clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).[1]

Because there is no federal statute of limitations governing § 1983 claims, the Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period, which in Texas is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Owens v. Okure,* 488 U.S. 235, 249–250 (1989); *Gartrell*, 981 F.2d at 257.  While, State law determines the length of the statute of limitations, federal law determines the date on which the cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008).  Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." *Wallace*, 549 U.S. at 388.  For cases of unlawful arrest, this occurs when the claimant is unlawfully arrested. *Id.* at 389.  Because an unlawfully detained individual may not practically be able to file a claim until the unlawful detention ends, the limitations period is tolled until such time as the unlawful detention ends. *Id*; *see also Walker v. Epps,* 550

---

[1] The Court also notes that Plaintiff has not stated a § 1983 claim for malicious prosecution.  In the Fifth Circuit, "'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003).  To the extent Plaintiff alleges that DWI charges were brought against him without probable cause or based on a negligent misidentification, his allegations do not state Constitutional violations actionable under § 1983. *See id.* at 953–54 ("[C]ausing charges to be filed without probable cause will not without more violate the Constitution."); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) ("[T]he negligent act of a state official which results in unintended harm to life, liberty, or property, does not implicate the Due Process Clause.").

F.3d 407, 414 (5th Cir. 2008) ("[A]n action accrues when the plaintiff can file suit and obtain relief."). However, the statute of limitations for § 1983 unlawful arrest claims is not tolled pending the favorable termination of a related criminal proceeding. *Wallace,* 549 U.S. at 393–94.[2]

Here, Plaintiff alleges that he was arrested on July 25, 2010, and that "[a]fter being locked up for approximately 18 hours [he] was released on bail." Docket No. 4 at 3. Thus, after release on or around July 26, 2010, Plaintiff was able to file suit. Since he did not do so within two years of that date, his lawsuit is now barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Wallace*, 549 U.S. at 390.

Plaintiff argues that the statute of limitations should be tolled to some unspecified date so that his claim can survive. He asserts, (1) that he was not aware that he had been misidentified at the time of his arrest, (2) that he received ineffective assistance of counsel, and (3) that in January 2012 he was acquitted of DWI. Plaintiff's challenges, however, are insufficient to overcome the limitations bar. Plaintiff alleges that he knew he was innocent at the time of his arrest. Thus, at that time, he was aware that he suffered an injury at the hands of Defendant, and the limitations period began as soon as Plaintiff was released. *See Wallace*, 549 U.S. at 390; *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) ("A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim."). Further, the limitations period is not tolled until a plaintiff obtains legal counsel. *See Barrow v.*

---

[2] The tolling rules for § 1983 unlawful arrest claims differ from those of § 1983 malicious prosecution claims. *Wallace,* 549 U.S. at 393–94; *Heck v. Humphrey*, 512 U.S. 477, 486–87. The statute of limitations for a § 1983 malicious prosecution claim is tolled until the setting aside of an extant conviction which success in the malicious prosecution action would impugn. *Wallace,* 549 U.S. at 393; *Heck*, 512 U.S. 477, 486–87. Because a false arrest claim may not result in prosecution—let alone the setting aside of an extant conviction—it is not tolled by a related criminal case. *Wallace,* 549 U.S. at 393. In practice, this means that a district court must often stay a timely filed unlawful arrest claim until the related criminal case or the likelihood of a related criminal case is ended. *Wallace,* 549 U.S. at 393–94.

*New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Nor, as explained above, is it tolled for an unlawful arrest claim until a claimant is acquitted of the charge for which he or she was originally arrested. *See Wallace*, 549 U.S. at 390.

## CONCLUSION

The Magistrate Judge correctly concluded that Petitioner's § 1983 claim is barred by the applicable statute of limitations. Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation; DENIES Plaintiff's motion to proceed *in forma pauperis* (docket no. 1); DENIES Plaintiff's motion to appoint counsel (docket no. 2); and DISMISSES the case. The Clerk is directed to enter judgment accordingly.

It is so ORDERED.

SIGNED this 4th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE